# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. HARRIS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SEAN MOORE,<br><br>　　　　Respondent. | Case No. 1:22-cv-00601-BAK (EPG) (HC)<br><br>ORDER GRANTING PETITIONER LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK § 2254 FORMS |

Petitioner Daniel J. Harris is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review of a habeas petition and allow a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Habeas Rule 2(c) states that a petition must "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground." Petitioner must state his claims with sufficient specificity. See McFarland v. Scott, 512 U.S. 849, 856 (1994); Hendricks v. Vasquez, 908 F.2d 490, 491–92 (9th Cir. 1990). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in

determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Mayle v. Felix, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243).

The petitioner must make specific factual allegations that would entitle him to habeas corpus relief if they are true. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Each ground for relief must be clearly stated and allege what federal constitutional violation has occurred, along with providing facts that support the grounds for relief.

Petitioner has submitted a form petition and simply references two attachments in the section for listing the grounds for relief. (See ECF No. 1 at 3-4). The attachments include a motion for a new trial and an appeal petition, both filed in the Madera County Superior Court. (ECF No. 7-37).

Petitioner's petition does not provide sufficient description of the grounds for relief and the supporting facts for these grounds. It does not provide sufficient information to determine if Petitioner has stated a cognizable claim that would entitle him to habeas relief.

Moreover, Petitioner also needs to state how the adjudication of his claims in state court resulted in a decision that was contrary to, or an unreasonable application of, clearly established Supreme Court authority.

As the petition fails to state a cognizable claim for federal habeas relief, it is subject to dismissal. However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Therefore, the Court will grant Petitioner an opportunity to file an amended petition.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED leave to file a first amended petition within **THIRTY (30) days** of the date of service of this order; and
2. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for

1    petitioners filing pursuant to 28 U.S.C. § 2254.

2    Petitioner is forewarned that failure to follow this order may result in a recommendation
3 for dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's
4 failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated:   **June 2, 2022**                    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

3