UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. HARRIS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>SEAN MOORE,<br><br>　　　　　Respondent. | Case No. 1:22-cv-00601-ADA-CDB  (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS**<br><br>**14-DAY DEADLINE**<br><br>(ECF No. 15) |

　　　　Before the Court is Respondent's Motion to Dismiss, filed on September 1, 2022.  (ECF No. 15).  Petitioner Daniel Harris (Harris), proceeding pro se, filed an Opposition on September 19, 2022.  (ECF No. 17).  Respondent filed a reply on September 29, 2022.  (ECF No. 18).  For the reasons stated below, the undersigned recommends dismissal of this action as untimely.

**I. Procedural and Factual Background**

　　　　Petitioner filed a Petition for Writ of Habeas Corpus on May 20, 2022.  (ECF No. 1).  Following the Court's grant of leave to amend, Petitioner filed the operative First Amended Petition (FAP) on July 5, 2022.  (ECF No. 7).  Petitioner seeks relief from this Court under 28 U.S.C § 2254.  He was found guilty of infliction of corporal injury resulting in a traumatic condition on a girlfriend under Cal. Penal Code § 273.5(f)(1) and for violating a court order, under Cal. Penal Code § 273.6.  (*Id.*)  As a result of his corporal injury conviction, he was sentenced to a term of 25 years to life in state prison under the California Three Strikes Law. Cal.

Penal Code § 667. (ECF No. 1, Ex. B, p. 10).

Petitioner challenges his conviction. He raises four grounds as his bases for relief: (1) entrapment by government agency; (2) conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (3) conviction obtained by a violation of the privilege against self-incrimination; and (4) cruel and unusual punishment.  (ECF No. 7).

In the pending motion to dismiss, Respondent asserts that the FAP must be dismissed because it is untimely and unexhausted.  (ECF No. 15, pp. 2-3 (citing 28 U.S.C. §§ 2244(d), 2254(b)). Thus, on September 1, 2020, the California Court of Appeal affirmed the judgment against Petitioner.  (ECF No. 16-2).  Petitioner filed a petition for review on October 2, 2020 (ECF No. 16-3), which was denied on by the Supreme Court of California on November 10, 2020. (ECF No. 16-4).

## II. Discussion and Analysis

28 U.S.C § 2244(d)(1) provides in relevant part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if he applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The period of "direct review" after the state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not file such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Respondent acknowledges the date

for filing a petition for a writ of certiorari in the United States Supreme Court was extended from 90 to 150 days in response to the Covid pandemic. (ECF No. 15, p. 2 n.3).[1] Accordingly, Petitioner's conviction became final for purposes of the one-year statute of limitations applicable to federal habeas cases on April 9, 2021, the last day to file a petition for writ of certiorari in the United States Supreme Court. The one-year statute of limitations to file a federal petition began to run the next day, April 10, 2021. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

Here, Petitioner signed his original petition on May 8, 2022. (ECF No. 1, p. 6). He is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. *Anthony v. Cambra*, 236 F.3d 568, 574-75 (9th Cir. 2000). Thus, even presuming Petitioner delivered his petition for mailing on May 8, 2022, the petition is untimely because it was not filed within one year of the statute of limitations (which, as set forth above, commenced on April 10, 2021).

In his opposition, Petitioner asserts that he had no knowledge of the timeliness or exhaustion issues brought forth by Respondent. (*Id.*) Interpreted liberally, Petitioner argues that his attorney failed to inform him that the California Supreme Court denied his petition, and "but for" this communication issue, Petitioner would never have encountered timeliness or exhaustion issues. However, Petitioner does not dispute the facts set forth above and does not attest to facts concerning his argument that his lawyer's abandonment hindered Petitioner's ability to file a timely habeas petition.

Nothing on the record indicates that the one-year limitation period should be tolled pursuant to 28 U.S.C. § 2244(d)(2). To receive the benefit of equitable tolling, the petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Holland v. Florida*, 560 U.S, 631, 649 (2010). It is the petitioner's burden to show entitlement to equitable tolling. *Espinoza-Matthews v. People of the State of California*, 432 F.3d 1021, 1026

---

[1] *See* https://www.supremecourt.gov/orders/courtorders/071921zr_4g15.pdf (last accessed Apr. 25, 2023).

(9th Cir. 2005).

Attorney miscalculations or negligence "[are] simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("miscalculation of the limitations period . . . and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling"). Only egregious conduct by an attorney may be grounds for equitable tolling. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner "bears the burden of showing that this extraordinary exclusion should apply to him." (*Id.*)

Petitioner has not met this burden. In the Opposition he states, "Petitioner made an inquiry to the California Supreme Court on his own accord [due] to the lack of communication from Petitioner's Attorney." (ECF No. 17). He asserts he was notified by the California Supreme Court in response to his inquiry of March 11, 2022, that his petition had been denied. (*Id.*) Petitioner's concession regarding this two-year delay in seeking information regarding his petition demonstrates a lack of diligence. Nor is there evidence on the record that any extraordinary circumstance hindered Petitioner in seeking relief.[2]

**III. Recommendation and Order**

For the reasons set forth above, the Court **RECOMMENDS** that the Petition be **DISMISSED** as untimely.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14)** days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. §

---

[2] In light of the conclusion that Petitioner's petition is untimely, the undersigned declines to address whether Petitioner properly exhausted his remedies.

1  636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

2  waive the right to appeal the district judge's order.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39

3  (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 25, 2023**

UNITED STATES MAGISTRATE JUDGE

5