UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. HARRIS,<br><br>    Petitioner,<br><br>    v.<br><br>SEAN MOORE,<br><br>    Respondent. | No. 1:22-cv-00601-ADA-CDB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING THE PETITION WITH PREJUDICE AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(ECF No. 20) |

Petitioner Daniel J. Harris ("Petitioner") proceeds *pro se* and *in forma pauperis* in this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF Nos. 1, 3.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 25, 2023, the assigned Magistrate Judge issued findings and recommendations to dismiss Petitioner's petition for writ of habeas corpus as untimely. (ECF No. 20.) The Court served the findings and recommendations on Petitioner and gave him fourteen days to file objections thereto. (*Id.* at 4-5.) On May 4, 2023, Petitioner filed objections. (ECF No. 21.)

In his objections, Petitioner reiterates that his untimely filing was due to his attorney's "abandonment and negligence," but he otherwise does not challenge the Magistrate Judge's analysis of the untimeliness of Petitioner's filing or the fact that equitable tolling does not apply. (*Id.* at 1.) Only egregious conduct by an attorney may be grounds for equitable tolling. *See Spitsyn*

*v. Moore*, 345 F.3d 796, 799-800 (9th Cir. 2003) ("The cases in which we have . . . concluded that equitable tolling of the limitations period under ADEPA for filing a habeas petition is appropriate have not involved attorney misconduct.")  Petitioner has failed to bear the burden of showing that his attorney's actions were sufficiently extraordinary to warrant equitable tolling.  *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[M]iscalculation of the limitations period . . . and negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling.")  Therefore, Petitioner's objections are unpersuasive.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court concludes the findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on April 25, 2023, (ECF No. 20), are adopted in full;
2. Petitioner's petition for writ of habeas corpus, (ECF No. 1), is DISMISSED with prejudice; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   August 8, 2023                                     _____
                                                            UNITED STATES DISTRICT JUDGE